```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO

MARIA DEL CARMEN TABOAS,

    Plaintiff,

              v.                    CRIMINAL NO. 13-1205 (FAB)

FIDDLER, GONZALEZ & RODRIGUEZ,
PSC,

    Defendant.
```

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiff Maria del Carmen Taboas' ("Taboas") motion not to allow Pedro J. Manzano-Yates, defendant Fiddler, Gonzalez & Rodriguez, PSC's ("FGR") Managing Director, to take plaintiff Taboas' deposition. (Docket No. 19.) After reviewing the plaintiff's motion, id., and defendant's memorandum of law in support of allowing Mr. Manzano-Yates to take plaintiff's deposition, (Docket No. 20), the Court **DENIES** the plaintiff's motion and permits Mr. Manzano-Yates to take Ms. Taboas' deposition.

### DISCUSSION

**I. Background**

On March 8, 2013, plaintiff Taboas filed a complaint against defendant FGR, the law firm where she worked as an attorney for over 30 years. (See Docket No. 1.) In her complaint, she alleges that she was fired by FGR because of her age, in violation of the

Criminal No. 13-1205 (FAB)                                                    2
_____

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and several Puerto Rico laws, and seeks damages.  Id.

During the Initial Scheduling Conference on July 24, 2013, both Ms. Taboas and FGR agreed that Mr. Manzano-Yates had previously indicated to plaintiff's counsel that he would take plaintiff's deposition even though he could potentially be called to serve as a necessary witness in the case.  (Docket No. 19 at p. 1 & Docket No. 20 at pp. 1-2.)  Indeed, at the Initial Scheduling Conference, Mr. Manzano-Yates stated that he would be FGR's representative at any Rule 30(b)(6) deposition that Ms. Taboas would want to take of the law firm.  Plaintiff Taboas had objected in writing, on the grounds that Rule 3.7 of the Model Rules of Professional Conduct of the American Bar Association ("Model Rule 3.7") precludes Mr. Manzano-Yates from acting as both a witness and an attorney. (Docket No. 19 at p. 1.)  The Court allowed both parties until August 2, 2013 to file simultaneous briefs as to why Mr. Manzano-Yates should or should not be allowed to depose Ms. Taboas. (Docket No. 18 at p. 2.)  On August 2, 2013, plaintiff Taboas filed her motion, arguing that Model Rule 3.7 bars an attorney-witness from acting as an advocate at trial and also from participating in pretrial proceedings, including taking depositions.  (Docket No. 19 at pp. 2-3.)  On the same date, defendant FGR filed its memorandum of law in support of allowing Mr. Manzano-Yates to take Ms. Taboas' deposition.  (Docket No. 20.)

Criminal No. 13-1205 (FAB)                                           3

Defendant FGR argues primarily that Model Rule 3.7 only prohibits an attorney from acting as an advocate and witness during trial but that because Mr. Manzano-Yates seeks only to participate in pre-trial activities, it may be permitted.  Id. at p. 2.  The law firm argues that Mr. Manzano-Yates' serving as an advocate at trial would not undermine the purpose of Model Rule 3.7.  Id.  It also contends that it has a statutory right to select its own counsel and that Mr. Manzano-Yates' participation in pretrial proceedings will not result in substantial prejudice to Ms. Taboas.  Id.  The Court finds Ms. Taboas' arguments unavailing and agrees with defendant FGR.  Accordingly, the Court **DENIES** Ms. Taboas' motion.  Mr. Manzano-Yates is permitted to take her deposition but he is prohibited from participating as trial counsel in any manner, under any circumstance, should the case proceed to trial.

**II.  Model Rule 3.7**

Model Rule 3.7 states that, except in certain situations, "[a] lawyer may not act as advocate at a trial in which the lawyer is likely to be a necessary witness."  Hill v. Culebra Conservation and Development Authority, 599 F.Supp.2d 88, 95 (D.P.R. 2009) (citing Model Rule 3.7(a)(2002)).  The First Circuit Court of Appeals has stated that Model Rule 3.7 is intended to address:  "1) the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility; 2) the unfair and difficult situation which arises when an opposing counsel has to

cross-examine a lawyer-adversary and seek to impeach his credibility; and 3) the appearance of impropriety created, *i.e.*, the likely implication that the testifying lawyer may well be distorting the truth for the sake of his client." <u>Hill</u>, 599 F.Supp.2d at 95 (citing <u>Culebra Enterprises Corp. v. Rivera-Rios</u>, 846 F.2d 94, 99 (1st Cir. 1988)). Thus, Model Rule 3.7 is concerned only with a lawyer-witness acting as counsel during trial. Indeed, the First Circuit Court of Appeals has held that these three concerns "are absent, or at least greatly reduced, when the lawyer-witness does not act as trial counsel, even if he performs behind-the-scenes work for the client in the same case." <u>Culebra Enterprises Corp.</u>, 846 F.2d at 100.

In this case, Mr. Manzano-Yates is not seeking to serve as trial counsel; he is seeking to take Ms. Taboas' deposition. The First Circuit Court of Appeals has addressed this issue squarely in relation to Model Rule 3.7. In applying the rule, it has rejected a broad reading of the word "trial" to include "pre-trial discovery and such services in aid of a trial as legal research and brief-writing." <u>Id.</u> at 101. Notably, the First Circuit Court of Appeals has held that:

> [w]e recognize that a deposition might be put in evidence at trial showing the name of a trial witness acting in the role of attorney at the deposition. This problem would ordinarily be solved, however, by redacting the attorney-witness's name from the deposition . . . . we do not believe that the Rule 3.7 bar against being an 'advocate at a trial' normally prohibits a witness-attorney from acting as counsel in pretrial discovery.

Civil No. 13-1205 (FAB)                                                    5

Id. at 101, n. 9.  Therefore, so long as Mr. Manzano-Yates does not act as trial counsel, the purposes of Rule 3.7 will be served.[1] Accordingly, Ms. Taboas' motion not to allow Mr. Manzano-Yates to take her deposition based on Rule 3.7 is **DENIED**.  Mr. Manzano-Yates is not permitted, however, to represent defendant FGR at trial in any manner, shape or form, other than acting as FGR's representative, should this case proceed to trial.

**CONCLUSION**

Having considered Ms. Taboas' motion (Docket No. 19), and defendant's memorandum of law in support of allowing Mr. Manzano-Yates to take plaintiff's deposition, (Docket No. 20), the Court **DENIES** plaintiff Taboas' motion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 9, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge

---

[1] Plaintiff Taboas incorrectly states that the First Circuit Court of Appeals in Culebra Enterprises Corp., 846 F.2d at 100, did not have the opportunity to decide if pretrial depositions were the type of "behind-the-scenes work" that Model Rule 3.7 prohibits. (Docket No. 19 at p. 3.)  Instead, she argues that "the various courts that have faced the specific issue of whether [Model] Rule 3.7 bars an attorney-witness from taking pretrial depositions have uniformly held that it does." Id. She cites several cases from district courts located in the Eighth and Tenth Circuit Courts of Appeals for support. Id.  While these cases may be persuasive, plaintiff Taboas fails to address the binding law stated by the First Circuit Court of Appeals in Culebra Enterprises Corp., the very case Ms. Taboas cites, "we do not believe that . . . Rule 3.7 . . . normally prohibits a witness-attorney from acting as counsel in pretrial discovery."