IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA DEL CARMEN TABOAS,

  **Plaintiff,**

    **v.**        **CIVIL NO.** 13-1205 (FAB)

FIDDLER, GONZALEZ & RODRIGUEZ,
PSC,

  **Defendant.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

  Before the Court are plaintiff Maria del Carmen Taboas'
("Taboas") motion for partial judgment on the pleadings; Fiddler,
Gonzalez & Rodriguez PSC's ("FGR") opposition; FGR's motion for
leave to file an amended answer to the complaint; and Taboas'
opposition.  (Docket Nos. 25, 30, 31, & 32.)  For the following
reasons, the Court **DENIES** Taboas' motion for partial judgment and
**GRANTS** FGR's motion for leave to amend its answer.

**I.   Procedural and Factual Background**

  On March 8, 2013, plaintiff Taboas filed a complaint against
FGR asserting a claim of discriminatory discharge based on age
pursuant to the Age Discrimination in Employment Act ("ADEA") and
Puerto Rico Law 100 and a claim for wrongful termination in
violation of Puerto Rico Law 80.  (Docket No. 1.)  With regard to
the latter claim, paragraph 5.3 of the complaint states:  "5.3.
FGR terminated Taboas' employment without just cause."   Id.

Paragraph 5.4 states:  "5.4.   Taboas is entitled to recover a severance payment as determined by Law 80, which is estimated in an amount no less than $300,000.00, plus attorney's fees equivalent to not less than 15% of that amount."  Id.  On May 1, 2013, FGR filed an answer to the complaint which denied paragraph 5.3 and admitted paragraph 5.4 (Docket No. 9.)  FGR's answer also included a number of affirmative defenses inconsistent with an admission of paragraph 5.4.  Id.

Taboas contends that this admission constitutes a judicial admission warranting the entry of partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) holding that Taboas is entitled to the Law 80 severance.  (Docket No. 25.)  FGR contends that because paragraph 5.4 was admitted by mistake, it does not constitute a judicial admission warranting partial judgment on the pleadings.  (Docket No. 30.)  FGR simultaneously seeks leave pursuant to Federal Rule of Civil Procedure 15(a) to amend its answer to the complaint to deny paragraph 5.4.  (Docket No. 31.)  Taboas opposes this motion on the grounds that amendment is untimely and causes undue prejudice to the plaintiff.  (Docket No. 32.)  The Court addresses these arguments in turn.

## II.  Discussion

### A.   Motion for Judgment on the Pleadings

A court considering a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) must

Civil No. 13-1205 (FAB)                                                3

"accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." <u>Rivera-Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1998).  The motion should not be granted "unless it appears beyond a doubt that the monmoving party can prove no set of facts in support of her claim which would entitle her to relief." <u>Feliciano v. Rhode Island</u>, 160 F.3d 780, 788 (1st Cir. 1998).

Plaintiff Taboas asks the Court to grant judgment in her favor on the Law 80 wrongful termination claim based on defendant FGR's admission of paragraph 5.4 in the answer to the complaint. (Docket No. 25.)  Paragraph 5.4 does not contain factual allegations, but rather a legal conclusion regarding Taboas' right to recover.  (Docket No. 1 at ¶ 5.4.)  The Court is not obligated to accept such a legal conclusion as a binding judicial admission, <u>see</u> <u>Harrington v. Nashua</u>, 610 F.3d 24, 31 (1st Cir. 2010) (citing case law for the proposition that legal conclusions are not binding judicial admissions), and consequently declines to do so.  Thus, absent such a judicial admission, a plain reading of the complaint and the answer reveals that material facts regarding plaintiff's claims and defendant's affirmative defenses remain in dispute and judgment on the pleadings is not appropriate.  The Court accordingly **DENIES** plaintiff's motion for partial judgment on the pleadings.

**B.   Leave to Amend Pleadings**

Because FGR seeks to amend a pleading well past the deadline set by the Court in its Case Management Order (Docket No. 10), it appropriately requests the Court's leave to do so. (Docket No. 31.)  A party may amend a pleading more than twenty-one days after service "with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires."  Fed.R.Civ.P. 15(a)(2).  A court deciding whether to grant leave to amend must consider the totality of the circumstances and the context of the request.  Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390 (1st Cir. 2013).

Given FGR's denial of paragraphs including factual allegations that are directly relevant to paragraph 5.4's legal conclusions, as well as FGR's affirmative defenses denying similar legal and factual allegations regarding Taboas's termination, the Court finds that the totality of the circumstances and context clearly demonstrate that paragraph 5.4 was admitted in error. Plaintiff Taboas' skeletal contentions that an amended answer is untimely and/or prejudicial to the plaintiff do not otherwise persuade the Court.  Accordingly, justice requires that FGR be permitted to amend its answer to deny paragraph 5.4, bringing it in line with the remainder of its answer.  FGR's motion for leave to amend its answer is **GRANTED.**

## III. Conclusion

For the reasons expressed above, plaintiff Taboas' motion for judgment on the pleadings is **DENIED.**  The Court **GRANTS** defendant FGR's motion for leave to amend its answer and accepts the amended answer.  (Docket No. 31-1.)  The answer shall be filed as a separate document **no later than January 8, 2014.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 3, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge