# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA DEL CARMEN TABOAS, **Plaintiff**, v. FIDDLER, GONZALEZ & RODRIGUEZ, PSC, **Defendant**. | **CIVIL NO.** 13-1205 (FAB) |

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court are five motions *in limine* filed by defendant Fiddler, Gonzalez & Rodriguez, PSC ("FGR"), (Docket Nos. 101-105), and two motions *in limine* filed by plaintiff Maria del Carmen Taboas ("Taboas") (Docket Nos. 100 & 114-1.)  The Court addresses each motion in turn below.

### I.   Taboas's Motion to Exclude FGR's "New Lines of Defense" to her Law 80 Claim

Taboas moves to preclude FGR from presenting evidence at trial regarding its "new lines of defense" to her Law 80 claim.  (Docket No. 100.)  Puerto Rico's Law 80 provides that "the employer is bound to plead in his answer to the complaint the facts that led to the dismissal, and to prove that it was justified in order to be exempted from compliance with the provision of § 185a of this title."  P.R. Laws Ann. tit. § 185k.  The Puerto Rico Supreme Court has interpreted this provision as allocating to the employer the

Civil No. 13-1205 (FAB)                                                    2

burden of proving that the dismissal was justified. <u>Secretario del Trabajo v. I.T.T.</u>, 8 P.R. Offic. Trans. 564 (1979).

Taboas argues that pursuant to Law 80's provisions, FGR cannot present any new fact in its defense beyond those that it plead in its answer to the complaint.  In its answer and amended answer, FGR alleged,

    J.   Taboas's termination was for just cause.

    K.   Plaintiff fails to establish a cause of action for unjustified dismissal under [Law 80].

    L.   Taboas was terminated primarily because she consistently failed to meet her production budget despite various meetings with Taboas to discuss the problem. FGR also received complaints from coworkers that Taboas was a very difficult person to work with and several clients informed that they were not satisfied with Taboas' [sic] as their attorney.

(Docket Nos. 9 & 34.)  Taboas maintains that in its arguments regarding summary judgment, FGR raised for the first time as a defense that Taboas was inefficient in carrying out her duties and that she was subjected to numerous sanctions during her tenure at FGR.

Taboas's argument attempts to elevate form over substance. While the defenses FGR presented at the summary judgment stage were worded differently from the affirmative defenses raised in its answer, the substance of the defenses is the same.  FGR characterizes Taboa's consistent failure to meet her production goals as "inefficiency," and the multiple meetings and

Civil No. 13-1205 (FAB)                                                3

communications it had with her regarding her production deficiencies as "sanctions." (See, e.g., Docket Nos. 51-1 at p. 3; 108 at pp. 19-21.)  Taboas points to no authority indicating that an employer is bound to use the same wording, or point to the same set of facts, at each stage of the litigation.  Accordingly, Taboas's motion *in limine* (Docket No. 100) is **DENIED**.

**II. Taboas's Motion to Exclude Evidence Added by FGR to the Amended Proposed Pretrial Order**

Taboas moves to exclude argument, evidence or both regarding the decisions taken by FGR's Board of Directors with respect to her dismissal. (Docket No. 114-1.)  Specifically, she seeks to exclude one new witness and four new exhibits included by FGR in the amended Proposed Pretrial Order ("PPO").  (See Docket Nos. 113 at p. 62, ¶ 13; 113-2, exhibits Q through T.)  The parties originally filed a PPO and their respective exhibit lists on August 15, 2014. (Docket No. 95.)  Finding the original PPO — particularly Taboas's portions — to be deficient, the Court ordered the parties to submit a new PPO in compliance with Local Rule 16 by August 25, 2014. (Docket No. 99.)  In compliance with the Court's order, the parties timely submitted a new PPO.  (Docket No. 113.)  In the new PPO, FGR announced a new witness — Jose A. Sosa (Docket No. 113 at p. 62 ¶ 13) — and attached a modified exhibit list adding four new exhibits.  (Docket No. 113-2, Exhibits Q - T.)

As an initial matter, the Court is unimpressed that FGR took advantage of an extension of time that was clearly provided for

Civil No. 13-1205 (FAB)                                                          4

*Taboas* to update her portions of the PPO, in order to add new evidence of its own. Nevertheless, because FGR provided the new exhibits to plaintiff on April 11, 2014 as part of its amended answers to interrogatories and request for production of documents, the Court finds that Taboas is not prejudiced by the tardy amendment. Additionally, because FGR is not offering the recently provided Board of Directors meeting minutes to prove any action with regard to Taboas's dismissal, but rather to provide the context in which the firm discussed and implemented cost-cutting measures, the Court finds the evidence to be relevant. Accordingly, the Court **DENIES** plaintiff's motion *in limine* to exclude evidence added by FGR in the amended PPO (Docket No. 114-1).

**III. FGR's Motion to Exclude Anecdotal Evidence Concerning Other Employees**

FGR seeks to exclude all anecdotal evidence, including comparator and "me too" evidence, concerning other former FGR employees who were allegedly terminated by the firm. (Docket No. 101.) Specifically, Taboas seeks to present evidence at trial to prove that FGR dismissed another former FGR attorney, Rafael Davila ("Davila"), when he was 55 years old. FGR maintains that this evidence is inadmissible because (1) Taboas cannot establish that the employees in question are similarly situated to her; (2) because the evidence is remote in time — and therefore irrelevant — to Taboas's claims; (3) the evidence constitutes

Civil No. 13-1205 (FAB)                                                        5

inadmissible hearsay; and (4) the probative value of the evidence is outweighed by the risk of unfair prejudice.  Id.

**A.   Similarly Situated**

In an age discrimination case, a plaintiff must prove as an element of her case that the defendant acted with discriminatory animus.  See, e.g., Velez v. Thermo King de P.R., Inc., 585 F.3d 441, 446-47 (1st Cir. 2009).  A plaintiff may show a defendant's state of mind through circumstantial evidence, including through evidence of the employer's prior incidents of discrimination or the employer's discriminatory atmosphere.  See Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 386 (2008) ("The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."); Conway v. Electro Switch Corp., 825 F.2d 593, 597 (1st Cir. 1987) (citing U.S. Postal Serv. Bd. of Governors, 460 U.S. 711, 714 n.3 (1983)); Mendelsohn v. Sprint/United Mgmt. Co., 466 F.3d 1223, 1226 (10th Cir. 2006) (compiling cases recognizing testimony of other employees as potentially probative of an employer's discriminatory intent), rev'd. on other grounds, Sprint, 552 U.S. at 388; Stair v. Lehigh Valley Carpenters Local Union, 813 F. Supp. 1116, 1119 (E.D. Pa. 1993) (permitting the use of character evidence to show motive or intent in a discrimination case.).  Determining whether comparator

Civil No. 13-1205 (FAB)                                                    6

evidence is admissible at trial is a preliminary matter for the Court to determine.  See Anderson v. Boston Sch. Comm., 105 F.3d 762, 765 (1st Cir. 1997) (affirming district court's decision to exclude plaintiff's comparator evidence at trial because "plaintiff had not carried his burden of showing that the white employee cases were 'similarly situated' to that of plaintiff, in order to lay a basis for the admission of the evidence.")  In determining whether employees are similarly situated, courts look to "whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated.  While an exact correlation is not necessary, the proponent must demonstrate that the cases are fair congeners." Thermo King, 585 F.3d at 451 (quoting Perkins v. Brigham & Women's Hosp., 78 F.3d 747, 752 (1st Cir. 1996)).

Here, plaintiff contends that she and Davila were similarly situated because they were both 55 years old at the time of their dismissals, both Members at FGR, and both dismissed by means of the same of counsel agreement.  (Docket No. 110 at p. 4.)  The First Circuit Court of Appeals has noted that "proof of a general atmosphere of discrimination is not the equivalent of proof of discrimination against an individual," but that "it may be one indication that the reasons given for the employment action at issue were 'implicitly influenced by the fact that the plaintiff was of a given race, age, sex or religion." Conway, 825 F.2d

Civil No. 13-1205 (FAB)                                                  7

at 598 (internal quotation marks and citation omitted).  Anecdotal evidence suggesting that FGR was motivated by age-based animus when it dismissed Davila will not conclusively prove that FGR discriminated against Taboas, but it does tend to make Taboas's allegations of age-based animus more probable.  See Fed. R. Evid. 401.  Mindful that the jury is free to assign admissible evidence as much or as little weight as it sees fit, the Court finds plaintiff's anecdotal evidence regarding Davila to be relevant to her showing of FGR's state of mind *vis à vis* her dismissal.

    **B.**    **Remoteness in Time**

FGR further argues that Davila's termination on September 30, 2006 was too remote in time from Taboas's to be relevant to plaintiff's claims.  (Docket No. 101 at p. 3.)  In support of this argument, FGR cites two district court cases — from outside the First Circuit — holding that the passage of four and five years rendered the earlier dismissal too remote in time to be relevant to Taboas's claims.  See Stair, 813 F. Supp. at 1119-20; Hayne v. Rutgers, State Univ., 1989 WL 106031 (D.N.J. 1989). While FGR did not provide Taboas with definite notice of her dismissal until 2011, FGR's own characterization of the record evidence suggests that FGR initially decided to dismiss Taboas in late 2008 — just over two years after Davila's dismissal.  (See Docket No. 108 at pp. 7-11.)  Thus, even were the Court to find

Civil No. 13-1205 (FAB)                                                     8

FGR's case citations persuasive, the cases do not apply to the facts of this case.  Absent any other authority on point, the Court declines to find that evidence of Davila's dismissal is too remote in time to be at all relevant to Taboas's claims.

### C.   Evidence Based on Hearsay Statements

Next, FGR argues that because Taboas had no personal knowledge of the circumstances surrounding Davila's dismissal, her testimony regarding Davila is based on hearsay statements, rather than her own personal knowledge, rendering it inadmissible pursuant to Federal Rule of Evidence 602.  As Taboas points out, however, to the extent her testimony regarding Davila's dismissal is based upon statements made to her by Jose Acosta-Grubb, an agent of FGR[1], the statements are opposing party statements and accordingly not hearsay.  See Fed. R. Evid. 801(d)(2).

### D.   FGR's Rule 403 Argument

Lastly, FGR argues that anecdotal evidence of Davila's dismissal should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to FGR pursuant to Federal Rule of Evidence 403.  (Docket No. 101 at p. 4.)  Because FGR fails to develop this argument at all, the Court deems it waived and declines to consider it.  See United

---

[1] Acosta is a Shareholder and the chair of the Litigation Division at FGR. Additionally, he is a member of FGR's Executive Committee and Board of Directors.  (Docket No. 51-27.)  See also www.fgrlaw.com/jose-a.-acosta-grubb.html.

States v. Guzman-De Los Santos, 944 F. Supp. 2d 126, 128 (D.P.R. 2013) (Besosa, J.) ("A party may not merely 'mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'") (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).

For these reasons, the Court **DENIES** FGR's motion *in limine* to exclude anecdotal evidence regarding other employees (Docket No. 101).

### III. FGR's Motion to Exclude the Testimony of Emma Cancio

FGR seeks to exclude the testimony of Taboas's witness, Emma Cancio, because "plaintiff willfully [sic] failed to previously announce to FGR that she would serve as a witness during trial and, thus, her testimony is surprising and incurably prejudicial to FGR." (Docket No. 102 at p. 3.)

FGR maintains that Taboas failed to comply with her discovery obligations. Federal Rule of Civil Procedure 26 ("Rule 26") requires each party to, "without awaiting a discovery request, provide to the other parties: (i) the name and, if known the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Such disclosures must be made at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B). Rule 26 also requires the party to

Civil No. 13-1205 (FAB)                                                  10

supplement or correct its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," Rule 37 prohibits that party from using the information or witness at trial, "<u>unless the failure was substantially justified or harmless</u>." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Taboas concedes that she did not specifically name Emma Cancio in her initial disclosures, and that she did not supplement her disclosures subsequently. (Docket No. 110 at p. 8 n.3.) She contends that FGR did, however, have knowledge that Emma Cancio was one of plaintiff's potential witnesses months ago, and as a result, her failure to disclose was harmless. The Court agrees. On December 4, 2013, plaintiff submitted her responses to FGR's interrogatories. (Docket No. 102-2.) In response to FGR's interrogatory seeking a list of plaintiff's trial witnesses, plaintiff stated,

> Subject to and without waiving any of the general Objections, Plaintiff responds that, at present she has not yet determined the persons that she will call as witnesses in the trial of this case. However, Plaintiff can anticipate that she may call as a witness in her case in chief any of the persons identified in the preceding answer.

Civil No. 13-1205 (FAB)                                                   11

Id. at p. 45.  In the preceding answer, which required plaintiff to state the names of all persons who may have knowledge of the allegations in her complaint, plaintiff identified Emma Cancio. Id. at pp. 4-5.  Additionally, FGR can hardly complain that it is surprised and incurably prejudiced by the late announcement of Emma Cancio as a witness; the parties repeatedly referred to Emma Cancio during the summary judgment stage.  (See, e.g., Docket Nos. 63 at pp. 31-33, 64, 69; 79-1 at pp. 47, 49-60.)  Because FGR had knowledge well in advance of trial that Emma Cancio was one of Taboas's potential witnesses, the Court finds that her failure to timely disclose the witness's identity was harmless.  See Fed. R. Civ. P. 37(c)(1).  Accordingly, FGR's motion *in limine* to exclude the testimony of Emma Cancio (Docket No. 102) is **DENIED.**

**IV. FGR's Motion to Exclude Evidence of Taboas's Cancer Diagnosis and Treatment**

FGR seeks to exclude evidence or testimony pertaining to plaintiff's cancer diagnosis, treatment or both as irrelevant and unduly prejudicial pursuant to Federal Rules of Evidence 401, 402, and 403.  (Docket No. 103.)  In 1997, Taboas was diagnosed with and treated for non-Hodgkins lymphoma.  Taboas does not allege that her cancer diagnosis or treatment relates in any way to her dismissal from FGR.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action."  Fed. R.

Evid. 401. At issue in this litigation is whether FGR discriminated against Taboas on the basis of her age when it dismissed her as an employee of the firm. Because evidence of Taboas's diagnosis of and treatment for cancer will not make any fact of consequence more or less probable, it is irrelevant to this case. Accordingly, the Court, at this time, **GRANTS** FGR's motion *in limine* (Docket No. 103) to the extent that either party seeks to introduce evidence of Taboas's diagnosis and treatment in her case in chief. Should the evidence presented at trial give rise to context in which evidence of Taboas's diagnosis and treatment becomes relevant, however, the Court at that time may find that Taboas can present such evidence, for example to rebut any evidence or argument regarding Taboas's productivity during the time surrounding her illness.

**V.   FGR's Motion to Exclude Evidence of FGR's Insurance Policy**

FGR seeks to bar Taboas from introducing FGR's insurance policy into evidence, because the policy is irrelevant and its admission would be more prejudicial than probative. (Docket No. 104.) In support of this argument, FGR cites four state court cases — from Nebraska, Maryland, and Florida — where insurance policy limits were excluded as unfairly prejudicial. Id. at p. 2. Despite FGR's failure to provide any persuasive authority in support of its motion, Taboas has agreed to redact the policy limits from the insurance policy documents at issue. (Docket

Civil No. 13-1205 (FAB)                                                    13

No. 110 at p. 10 (citing Elliott v. S.D. Warren Co., 134 F.3d 1, 8 (1st Cir. 1998)).)  Accordingly, on condition that the policy limits are redacted from the insurance policy documents introduced at trial, the Court **DENIES** FGR's motion *in limine* to exclude evidence of FGR's insurance policy.  (Docket No. 104.)

## VI. FGR's Motion to Exclude Any Evidence or Reference to the Amount of Monetary Damages Sought by Taboas

Last, FGR seeks to preclude Taboas from introducing any evidence or making any statement at trial regarding the amount of monetary damages sought in her complaint.  (Docket No. 105.)  The First Circuit Court of Appeals has made it clear that counsel is forbidden during closing arguments "from asking jurors to consider the amount of a party's *ad damnum* in crafting a damage award" and from stating "in summation the number they think jurors should award for pain and suffering."  Bielunas v. F/V Misty Dawn, Inc., 621 F.3d 72, 79 (1st Cir. 2010) (internal citations omitted).  See also Rodriguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 37-8 (1st Cir. 2011) (citing Bielunas, 621 F.3d at 78-9).  Accordingly, Taboas's counsel is prohibited from mentioning or requesting of the jury the specific amount of monetary damages sought in Taboas's complaint, or from suggesting a specific amount of non-economic damages.  Taboas is permitted, however, to present evidence and argument to the jury to assist in the computation of economic

Civil No. 13-1205 (FAB)                                               14

damages, such as back-pay.[2]  Thus, FGR's motion *in limine* (Docket No. 105) is **GRANTED** to the extent explained here.

**VII. Conclusion**

For the reasons articulated above, the Court **DENIES** Taboas's two motions *in limine* (Docket Nos. 100 & 114-1), and three of FGR's motions *in limine* (Docket Nos. 101; 102; 104).  The Court **GRANTS** two of FGR's motions *in limine* (Docket Nos. 103 & 105.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 28, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge

---

[2] This is particularly true in the context of plaintiff's Law 80 claim, which requires a computation of salary corresponding to the plaintiff's term of service.  P.R. Laws Ann. tit. 29 § 185a.